## CUMMINS *v.* DISTRICT TOWNSHIP OF DOON.

*(Circuit Court, N. D. Iowa, W. D.* May 6, 1890.)

1. SCHOOL-DISTRICTS—REFUNDING INDEBTEDNESS—ISSUE OF BONDS.
    The refunding of an outstanding valid bonded indebtedness of an independent school-district, under Act 18th Gen. Assem. Iowa, c. 132, allowing any independent school-district, having a bonded indebtedness outstanding, to issue negotiable bonds for the purpose of funding the same, is not the creation of a debt, within the inhibition of Const. Iowa, art. 11, § 3, providing that "no county, or other political or municipal corporation, shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation."

2. SAME—INCREASE OF INDEBTEDNESS—BURDEN OF PROOF.
    In an action against the district on such refunding bonds, the burden is on defendant to show that at the date of the original issuance the outstanding indebtedness of the district exceeded the constitutional limitation.

3. SAME—APPLICATION OF PROCEEDS—DUTY OF PURCHASER.
    The right of the owner to recover on such bonds cannot be defeated because a part of the proceeds of their sale was misapplied. The statute authorizes a sale of the bonds in open market, and a purchaser cannot be charged with the duty of seeing that the proceeds of the sale are properly applied.

At Law. Action on interest coupons.

*Davis & Gault,* for plaintiff.

*Van Wagener & McMillan* and *Kaufmann & Guernsey,* for defendant.

SHIRAS, J. This action is based upon certain interest coupons attached to a series of bonds for the sum of $20,000, issued by the defendant, a school district in the county of Lyon, in this state. The de-

fense is that the bonds were issued without consideration, without authority of law, and in violation of section 3, art. 11, of the constitution of Iowa, which provides that no municipal or political corporation within the state shall be allowed to become indebted in a sum exceeding 5 per cent. of the assessed valuation of the taxable property within the limits of the corporation, as shown by the last preceding state and county tax-lists. By written stipulation a jury was waived, and the cause submitted to the court upon the evidence taken in writing, and after full and able arguments by counsel upon the legal questions involved. From the evidence submitted, I find the following facts:

(1) The defendant, the district township of Doon, is a school-district in Lyon county, Iowa, created under the provisions of the laws of the state of Iowa, having power to contract in its corporate name, to issue negotiable bonds, and to sue and be sued in its corporate name. As originally constituted, the district included six congressional townships of land. From time to time other districts have been set off therefrom, until it now includes only two congressional townships.

(2) That the affairs of the district township from the date of its organization have been badly managed, and, through fraud and incompetency on part of the officers of the district, indebtedness to a very large extent has been created against the district, part of which was evidenced by bonds of the district, part by judgments against the district, and part by warrants or orders drawn on the different funds.

(3) That on or about the 14th day of June, 1881, the then officers of the district determined to undertake the refunding of the outstanding bonded indebtedness of the district, and to that end the board of directors of said district, on the 9th day of July, 1881, adopted the following resolution by an unanimous vote:

"JULY 9th, 81.

"Be it hereby resolved that the resolution of the board passed June 14, 1881, at a special session, be hereby set aside and declared void, and the following resolution be passed: That as there is a large bonded judgment debt upon the district of Doon, and as the records fail to show the total amount of said bonds outstanding and unpaid, and as we deem it for the best interest of the district that all of this debt should be under one form, and that the full amount may be known, and the rate of interest lowered, be it resolved, that we issue bonds for the purpose of funding the outstanding bonded indebtedness of the district to an amount not exceeding twenty-five thousand dollars, and, in the event of a less amount being needed, then only such an amount shall be issued as shall be required to take up all said debt, said bonds to be issued as authorized by chapter 132 of the acts of the 18th General Assembly of the state of Iowa, authorizing the funding of outstanding bonded indebtedness of school-districts. That said bonds shall bear seven per cent. interest, payable semi-annually, said interest payable at bank of Rock Rapids, Iowa. Said bonds shall run for ten years, payable after five years, at the pleasure of the district. That the treasurer shall keep a record of the bonds issued, in numbers and amounts, and the name of the parties to whom sold, with their post-office address. That B. L. Richards, cashier, is hereby appointed refunding agent to negotiate said bonds. That all indebtedness of the district before mentioned shall be taken up by said Richards, only upon order from the treasurer of the district. That all of the said indebtedness

shall be paid by said Richards, and he shall render a statement itemized of said operations, and surrender vouchers, whenever demanded by the school board of this district. On motion of Claflin above motion unanimously adopted."

(4) That, in pursuance of said resolution, negotiable bonds, with interest coupons attached, were prepared and duly signed by the proper officers of the district; said bonds having printed thereon chapter 132 of the Acts of the 18th General Assembly of the state of Iowa. The following is a copy of the statute, and of the bonds and coupons:

"Be it enacted by the general assembly of the state of Iowa: Section 1. That any independent school-district or district township, now or hereafter having a bonded indebtedness outstanding, is hereby authorized to issue negotiable bonds at any rate of interest not exceeding seven per cent. per annum, payable semi-annually, for the purpose of funding said indebtedness: said bonds to be issued upon a resolution of the board of directors of said district: provided, that said resolution shall not be valid unless adopted by a two-thirds vote of said directors.

"Sec. 2. The treasurer of such district is hereby authorized to sell the bonds provided for in this act at not less than their par value, and apply the proceeds thereof to the payment of the outstanding bonded indebtedness of the district, or he may exchange such bonds for outstanding bonds, par for par; but the bonds hereby authorized shall be issued for no other purpose than the funding of outstanding bonded indebtedness. The actual cost of the engraving and printing of such bonds to be paid for out of the contingent fund of such district.

"Sec. 3. Said bonds shall run not more than ten years, and be payable at the pleasure of the district after five years from the date of their issue: provided, that, in order to stop interest on them, the treasurer shall give the owner of said bonds ninety days' written notice of the readiness of the district to pay, and the amount it desires to pay; said notice to be directed to the post-office address of the owner of the bonds: provided further, that the treasurer shall keep a record of the parties to whom he sells the bonds, and their post-office address, and notice sent to the address as shown by said record shall be sufficient.

"Sec. 4. Said bonds shall be in denominations of not less than one hundred dollars, and not more than one thousand dollars; and said bonds shall be given in the name of the independent district or district township, and signed by the president and countersigned by the secretary thereof; and the principal and interest may be made payable wherever the board of directors may by resolution determine.

"Sec. 5. When said bonds are delivered to the treasurer to be negotiated, the president shall take his receipt therefor, and the treasurer shall stand charged on his official bond with the amount of the bonds so delivered to him.

"Sec. 6. The tax for the payment of the principal and interest of said bonds shall be raised as provided in section 1823, c. 9, tit. 12, Code: provided that, if the district shall fail or neglect to so levy said tax, the board of supervisors of the county in which said district is located shall, upon application of the owner of said bonds, levy said tax.

"Sec. 7. All acts and parts of acts in conflict with this act are hereby repealed.

"Sec. 8. This act, being deemed of immediate importance, shall take effect and be in force from and after its publication in the Iowa State Register and Iowa State Leader, newspapers published at Des Moines, Iowa.

"Approved March 25, 1880."

"$1,000.                   IOWA SCHOOL BOND.                   No. 1.

"The school-district of Doon, Lyon county, Iowa, for value received, promises to pay to ———— or ————, at the Bank of Rock Rapids, Iowa, on the 11th day of July, 1891, or at any time before that date, after the expiration of five years from date of issue, after ninety days' notice, at the pleasure of said district, the sum of one thousand dollars, with interest at the rate of seven per cent. per annum, said interest payable semi-annually on the 11th day of January and July in each year at the bank of Rock Rapids, on the presentation and surrender of the interest coupons hereto attached. This bond is executed and issued by the board of directors of said school-district in pursuance of and in accordance with chapter 132, Laws 18th Gen. Assem. Iowa, is in accordance with the laws and constitution of the state of Iowa, and in conformity with a resolution of said board of directors passed in accordance with said chapter 132, at a meeting thereof held 9th day of July, 1881. In testimony whereof the said school-district, by its board of directors, have caused this bond to be signed by the president, and attested by the secretary, this 11th day of July, 1881.

"J. SHATSWELL, President.

"LON H. WAGNER, Secretary."

"(Exhibit 7.)

"$35.00.   The treasurer of the school-district of Doon, Lyon Co., Iowa, will pay to the bearer hereof, January 11, 1886, at Bank of Rock Rapids, thirty-five dollars, for interest on bond No. 7, dated July 11, 1881, issued under provisions of chapter 132, Laws of the 18th Gen'l Assembly.

"J. SHATSWELL, President.

"L. H. WAGNER, Secretary."

(5) That B. L. Richards, named in the resolution of the directors of said district as the refunding agent to negotiate said bonds, sold on or about July 25, 1881, $10,000 of the bonds to plaintiff, who then resided at Lincoln, Ill., and on or about August 11, 1881, sold a further amount of $10,000 to said plaintiff, who paid in cash the par value of said bonds, or in all the sum of $20,000 therefor. In making the purchase of said bonds the plaintiff relied upon the representations made to him by the said Richards that said bonds were a good investment; that they were issued in accordance with the provisions of the resolution of the board of directors of July 9, 1881, and in pursuance of chapter 132, Acts 18th Gen. Assem. Iowa.

(6) That by section 3, art. 11, of the constitution of Iowa, adopted in 1857, it is provided that "no county or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount, in the aggregate, exceeding five per centum on the value of the taxable property within such county or corporation, to be ascertained by the last state and county tax-lists, previous to the incurring of such indebtedness."

(7) That the supreme court of Iowa in *Winspear* v. *District Tp. of Holman,* 37 Iowa, 542, has decided that a district township of the nature of the defendant corporation is a political corporation, within the meaning of the constitution, and is therefore subject to the above limitation.

(8) That the total valuation of taxable property within the district township of Doon, as shown by the state and county tax-lists made out

next previous to the issuance of the bonds in question, was the sum of $131,038. This is the valuation of the property included within the territorial limits of the district of Doon, as the same were in 1881, at the date of the issuance of the bonds and coupons sued on. The assessed valuation of the property within the district of Doon is not shown at any other date or period prior to 1880.

(9) That the evidence fails to show the exact amount of bonds issued by defendant outstanding on the 9th and 11th and 25th days of July, 1881, and on the 11th day of August, 1881. It appears, however, that there was at least $18,000 of bonds outstanding, upon which there was due on the 11th day of July, 1881, including interest evidenced by coupons, over $20,000.

(10) It appears that in 1873 the defendant employed one James H. Wagner to build four school-houses in the district for the sum of $2,500 each. As built, the school-houses were not worth to exceed $1,500. The houses were accepted, however, and warrants issued therefor. These warrants were sued upon; and judgments rendered thereon in 1873 against the district aggregating $10,100. These judgments were bonded, as well as some other small ones rendered about the same time; the bonds therefor being issued in 1873. It is probably true that, the judgments not having been all canceled upon the records, a further issue of bonds was made upon part of them in 1880. The evidence further shows that large amounts of warrants were issued from time to time for various purposes, a portion of which, at least, was fraudulent.

(11) When the bonds of defendant were purchased by plaintiff in July and August, 1881, there were standing upon the record unsatisfied judgments against the defendant as follows:

| NAME. | DATE OF JUDG'T. | AMT. | COSTS. |
|---|---|---|---|
| S. S. Bradley | June 25, '73 | $1,950 00 | $29 50 |
| Chas. Schultz | " " " | 628 29 | 6 00 |
| M. Wakefield | May 5, '75 | 180 00 | 3 50 |
| National S. F. Co | Nov. 9, '75 | 548 52 | |
| Wm. Larrabee | Feb. 18, '79 | 3,270 50 | 5 95 |
| Wm. Larrabee | " " " | 1,304 26 | 5 95 |
| R. M. Peile | Dec. 9, '79 | 623 80 | 3 75 |
| C. E. Dickerman | Feb. 18, '80 | 422 60 | 5 95 |
| J. N. Perry | Feb. 18, '80 | 1,472 78 | 5 75 |
| J. F. Eggleston | " " " | 201 40 | 6 45 |
| Hersey, Bean & Brown | May 19, '80 | 500 00 | 6 25 |

(12) The evidence shows that from the creation of the district township of Doon its financial affairs have been badly managed, and that many frauds have been perpetrated by its officers, and that thereby the amount of indebtedness evidenced by its bonds and by judgments against it has been fraudulently increased. The evidence fails to show that, as against the holders of the bonded indebtedness in July and August, 1881, a successful defense could have been interposed on behalf of the defendant. The evidence fails to show whether, at the date of the issuance of any of the bonds outstanding on July 11, July 25, and August 11, 1881,

and issued prior to July 9, 1881, the amount of the indebtedness of the district exceeded 5 per cent. of the taxable valuation of the property within the district; and it does not, therefore, appear that any of the bonds outstanding when the bonds bought by plaintiff were issued were void because of the constitutional limitation contained in section 3, art. 11, of the constitution of Iowa.

(13) The cash paid by plaintiff for the bonds sold to him in July and August, 1881, to-wit, $20,000, was received by B. L. Richards, the financial agent named in the resolution of the board of July 9, 1881, and also the further sum of $5,000, realized from a sale made December 20, 1881, of $5,000 of bonds to the Society for Savings of Cleveland, Ohio. Richards, on the 6th day of March, 1882, made a report to the board of directors of defendant, which was accepted and approved, showing that he had paid out the sum of $19,174 in taking up bonds, coupons, judgments, warrants, and orders drawn on the teachers,' contingent, and school-house funds. The balance in his hands, of $6,485.79, was paid to the treasurer of the defendant.

(14) That, for four years after the issuance of said bonds bought by plaintiff, the district paid the semi-annual interest coming due thereon, thus retiring eight of the coupons attached to each bond. That the defendant failed to pay the coupons coming due January 11, 1886, July 11, 1886, January 11, 1887, July 11, 1887, January 11, 1888, July 11, 1888, January 11, 1889, and July 11, 1889, upon each of said bonds, being eight coupons on each bond, or 160 in all; each coupon calling for $35. That said coupons are those declared on in this action, were due when this suit was brought, and that there is now due thereon, including interest at 6 per cent. up to the 5th day of May, 1890, the sum of $6,462.40.

What judgment should be pronounced by the court upon the foregoing facts? The production of the coupons forming part of the bonds issued by the defendant, they being due and unpaid, makes out a *prima facie* case for plaintiff. The evidence shows that the bonds were issued by the defendant, that the plaintiff paid full value therefor, and there is nothing to connect the plaintiff with any alleged fraud in the issuance thereof, so that the defense of want of consideration is not sustained.

The main reliance of the defendant is upon the constitutional provision limiting the indebtedness of municipal and political corporations to 5 per cent. upon the taxable valuation of the property within the corporate limits. Under the rulings of the supreme court of the United States, the corporation is not estopped, by the recitals in the bond, from showing that the issuance of the bonds in fact increased the corporate indebtedness beyond the constitutional limit. *Dixon Co.* v. *Field*, 111 U. S. 83, 4 Sup. Ct. Rep. 315; *Lake Co.* v. *Graham*, 130 U. S. 674, 9 Sup. Ct. Rep. 654. The question is whether the defendant has in fact made out the defense relied upon. The bonds purchased by plaintiff were issued under the provisions of the act of the eighteenth general assembly of the state of Iowa, passed for the purpose of enabling school-

districts to refund their outstanding bonded indebtedness. If the provisions of the act were followed, the issuance of bonds under its terms would not increase the existing indebtedness of a district. For an illustration, if on the 11th day of July, 1881, there existed an enforceable bonded indebtedness against the district of Doon of $20,000, and the same had been refunded by the issuance of $20,000 of bonds of that date, could the latter be defeated by simply showing that the same exceeded in amount 5 per cent. of the taxable property in the district at that date? The refunding of an existing enforceable debt cannot be said to be increasing the indebtedness, and a mere change in the evidence of the debt from one bond to another, or from a judgment into a bond, is not within the constitutional inhibition. *Austin* v. *District Tp. of Colony,* 51 Iowa, 102; *Railroad Co.* v. *County of Osceola,* 45 Iowa, 168.

While the evidence shows great recklessness, lack of business management, and fraudulent practices which had doubtless greatly swollen the indebtedness of the district, it is not made to appear that a single dollar of the bonds outstanding against the district in July, 1881, could have been successfully contested in the hands of the then holders thereof. The evidence shows that the territorial extent of the district of Doon had been changed several times by the formation of other districts, and there is no evidence showing the amount of taxable property according to the tax-lists, when the bonds outstanding on July 11, 1881, were issued. It is not shown, therefore, that any of the bonds in existence on July 11, 1881, were void when issued by reason of the constitutional limitation. Assuming that the plaintiff knew all that the evidence adduced in this case now discloses, it could not be said that he knew, or should have known, that the bonds which it was proposed to refund were not enforceable against the district. True, if it had been proposed to issue bonds for the purchase of property then acquired, or for the erection of school-houses, or for any purpose other than refunding existing indebtedness, the plaintiff would have been bound to know that the amount of bonds proposed to be issued was in excess of 5 per cent. of the taxable valuation of the property at that date included within the limits of the district, and that such issue of bonds must of necessity increase the indebtedness of the district beyond the constitutional limitation. The proposition made to plaintiff, however, was, in effect, that contained in the resolution of July 9, 1881. He was informed that the bonds offered him were issued under and in accordance with the provisions of the act of the eighteenth general assembly for the purpose of refunding the bonds then outstanding against the district. The statute authorized the district to issue bonds for such refunding purposes. Having bought the bonds in good faith, and paid full value therefor under such circumstances, they are certainly valid in his hands, unless it is shown that they were invalid because the issuance thereof increased the indebtedness of the district beyond the constitutional amount. Under the issues made in the pleadings, the burden of showing this fact is upon the defendant. *Austin* v. *District Tp. of Colony,* 51 Iowa, 102. The plaintiff, in purchasing said bonds, had the right to assume that the directors and officials of

the district were acting in good faith; or, in the language of the supreme court of Iowa in *Railroad Co.* v. *County of Osceola*, 45 Iowa, 175: "There is a presumption that those charged with public trusts act honestly and in good faith. The whole theory of the law rests upon this assumption."

Recognizing the fact that the burden of showing the invalidity of the bonds was upon the defendant, the latter introduced a large amount of evidence touching the indebtedness of the district, and the manner of its creation. While, as already said, this evidence shows many frauds and much loose management in the conduct of the financial affairs of the district, it fails to show that any particular bond or series of bonds outstanding July 11, 1881, was invalid in the hands of the then holder thereof, or that when issued it increased the indebtedness of the district beyond 5 per cent. of the taxable valuation of the property included within the limits of the district as then constituted. The evidence, therefore, on the one hand, shows that on the 11th day of July, 1881, when the directors authorized the issuance of the bonds, and on the days when plaintiff bought the bonds, there was outstanding a bonded indebtedness exceeding $20,000 in amount, and on the other, fails to show that any part of this could not be enforced against the district. Under these circumstances, it cannot be claimed that it is proven that the issuance of bonds for the purpose of refunding this existing bonded indebtedness was a violation of the constitutional limitation.

It is further urged that in fact part of the proceeds realized from the sale of the bonds was used for paying indebtedness of the district other than that evidenced by its bonds and coupons. I do not think the plaintiff was charged with the duty of seeing to the proper application of the proceeds realized from the sale of the bonds. The statute authorized the sale of the bonds in open market. It would be an impossibility to thus sell the same, if the validity of the bonds thus sold was made dependent upon the proper use of the moneys realized from the sale thereof. It could not be expected that a purchaser could be found who would buy the bonds and part with his money, if his right to recover on the bonds was to be determined by the use made thereof by the district after the money had passed into its possession, and beyond the control of the purchaser. The conclusion reached upon the facts developed in the evidence is that it is not made to appear that the bonds bought by plaintiff were void for want of consideration, nor that the same, being refunding bonds, were in violation of section 3, art. 11, of the constitution of the state of Iowa; and, it appearing that the coupons declared on were and are parts of said bonds, and that the same are due and unpaid, the plaintiff is entitled to judgment for the amount thereof, with interest.