## SHAW v. INDEPENDENT SCHOOL DIST. OF RIVERSIDE.

(Circuit Court, N. D. Iowa, W. D.   September 6, 1894.)

1. COUNTY BONDS—REISSUE—ESTOPPEL TO DENY VALIDITY.
   Where school bonds—void for issuance in violation of Const. Iowa, art. 11, § 3, providing that no county or municipal corporation shall become indebted beyond 5 per cent. of the value of taxable property therein—are canceled by the owner, not a bona fide holder, in consideration of new bonds issued to him under chapter 132, Acts 18th Gen. Assem., clothing school districts with power to issue refunding bonds, no estoppel arises, from recitals in the refunding bonds, to prevent a showing that the constitutional limitation was exceeded in the prior issue.

2. SAME—NOTICE TO PURCHASER.
   A purchaser of such refunding bonds is bound to take notice of the listed value of the property of the district.

Action on interest coupons belonging to bonds issued by the independent school district of Riverside. By consent of parties a jury was waived, and the issues of fact and law were submitted to the court.

### Finding of Facts.

From the evidence submitted, the court finds the following to be the material facts in this case:

(1) The plaintiff, John H. Shaw, was when this suit was filed, and is now, a citizen of the state of Colorado, and a nonresident of the state of Iowa, and the defendant was, when this suit was filed, a corporation created under the laws of the state of Iowa, being a school district situated in the county of Lyon, Iowa.

(2) In the year 1883 the plaintiff, John H. Shaw, purchased, at one time, of a syndicate represented by John H. Gear, the following named bonds, with interest coupons attached, issued by the defendant, to wit, bond No. 28, dated July 1, 1881, for $500, which reads as follows:

"Number 28.                                                              $500.

"United States of America.

"State of Iowa, County of Lyon.

"The independent school district of Riverside, in the county of Lyon, in said state, for value received, promise to pay to —— or bearer, at the office of the treasurer in said district, on the 1st day of July, A. D. 1891, or at any time before that date, after the expiration of five years from date of issue, and after ninety days' notice, at the pleasure of said independent school district, the sum of $500, with interest thereon at the rate of seven per cent. per annum, payable semiannually, at the office of the treasurer in said district, on the first day of January and July in each year, on presentation and surrender of the interest coupons hereto attached. This bond is executed and issued by the board of directors of said independent school district in pursuance of and in accordance with chapter 132, Acts of the Eighteenth General Assembly of Iowa, and in conformity with a resolution of said board of directors, passed in accordance with said chapter 132, at a meeting thereof held the 21st day of June, 1881.

"In witness whereof, the said district, by its board of directors, has caused this bond to be signed by the president and attested by the secretary this 1st day of July, 1881.          G. W. Stoop, President of said Board.
                              "G. R. Matthews, Secretary of said District."

Also, bonds Nos. 10, 11, 12, 16, 17, 18, and 19, each for the sum of $1,000, and dated March 11, 1882 with interest coupons attached, and coming due March 11, 1892, and reading as follows:

"Number 10.                                                      $1,000.

## "United States of America.

### "State of Iowa, County of Lyon.

"The independent school district of Riverside, in the county of Lyon, in said state, for value received, promises to pay to ——— or ———, at the office of district treasurer, in Riverside, on the eleventh day of March, A. D. 1892, or at any time before that date, after the expiration of five years from date of issue, and after ninety days' notice, at the pleasure of said independent school district, the sum of one thousand dollars, with interest thereon at the rate of seven per cent. per annum, payable semiannually, at the office of district treasurer in Riverside, on the eleventh day of September and March in each year, on presentation and surrender of the interest coupons hereto attached. This bond is executed and issued by the board of directors of said independent school district in pursuance of and in accordance with chapter 132, Acts of the Eighteenth General Assembly of Iowa, and in conformity with a resolution of said board of directors, passed in accordance with said chapter 132, at a meeting thereof held the eleventh day of March, 1882.

"In witness whereof, the said district, by its board of directors, has caused this bond to be signed by the president of the board and attested by the secretary this eleventh day of March, 1882.

"G. W. Stoop, President of said Board.

"G. R. Matthews, Secretary of said District."

(3) The bonds purchased by plaintiff formed part of a series numbered from 1 to 39, inclusive, issued to one C. W. Rollins in pursuance of a resolution adopted by the board of directors of the defendant district on the 11th day of March, 1882, reading as follows:

"Riverside March 11, 1882.

"Board of Directors of Ind. District of Riverside Lyon Co., Iowa met at the School House, in said District on the 11th day of March 1882; the following resolution was passed.

"WHEREAS, C. W. Rollins, came before the Board with a proposition to settle with the District some bonds of said District, which he held to the amount of $72000 at the 30 cents on the dollar, and take in exchange new bonds drawing 7% his not counting the accrude interest, now therefore, it is resolved by the Board that they issue bonds to the amount of $36000 and exchange the sam same with the aforesaid C. W. Rollins, and also to allow the Treasurer 2% for exchanging as provided in resolutions of June 30, 1880 Therefore the Secy. and President is authorized and directed and and turn over to the Treasurer and take his receipt for the same, said bonds to be numbered as follows;—No. 1,—2,—3,—4,—5,—6,—7,—8,—9,—10,—11,—12,—13,—14,—15,—16,—17,—18,—19,—20,—21,—22,—23,—24,—$1000 each; No 25,—26,—27,—28,—$500, 29,—30,—31,—32,—$1000 each; 33,—34,—$600 each; 35,—36,—37,—38,—39,—$1000 each. There being no further business, adjourned subject to the call of the Chairman."

The bonds held by Rollins, and by him exchanged for the 39 bonds provided for in the foregoing resolution, formed part of what are called the "Martin Bonds," which issue was without consideration, fraudulent, and void.

(4) It does not appear from the evidence that C. W. Rollins was an innocent holder for value of the bonds by him exchanged for those issued under the resolution of the board of directors of March 11, 1882.

(5) It does not appear from the evidence that the syndicate who sold the bonds sued on, to plaintiff, were innocent holders for value of the bonds thus sold to plaintiff.

(6) It does not appear in the evidence that the plaintiff, when he purchased the bonds in question, had any actual knowledge of the facts connected with the issuance of said bonds. It affirmatively appears that the plaintiff paid full value for the bonds to the syndicate from which they

were purchased, relying upon the recitals in the bonds as evidence of their validity.

(7) The principal of said bonds is now due, amounting to $7,500 and interest thereon, as evidenced by the coupons sued upon, to the amount of $7,721.-65, remains due and unpaid.

(8) At and prior to July 1, 1881, and at and prior to March 11, 1882, the defendant district had outstanding against it evidences of indebtedness largely in excess of 5 per cent. upon the taxable property within the limits of the district. Judgments are now in existence against the district, remaining unsatisfied, and in favor of the Geneva National Bank, for $550; of Eleanor Nesbit, for $857.40; of H. D. Eastman, for $2,240.14; of Wm. Blodgete, for $800; and of John J. Booge, for $2,094.35; thus aggregating $6,541.89, exclusive of accruing interest and costs. These judgments are all based upon evidences of indebtedness which had accrued prior to July 1, 1881, and which were in existence and outstanding when the bonds in suit were issued, and when they were purchased by plaintiff. In addition to indebtedness evidenced by the judgments above named, there were outstanding against the defendant at and prior to July 1, 1881, and at and prior to March 11, 1882, bonds issued in the name of the defendant district, largely in excess of the sum of $25,000, the exact amount of which is not clearly proven.

(9) The assessed value of the taxable property situated within the limits of the defendant district, as shown by the state and county tax list, is as follows, for the several years named below:

| For 1872 | $43,995 32 | For 1878 | $72,175 97 |
|---|---|---|---|
| " 1873 | 68,307 01 | " 1879 | 47,220 00 |
| " 1874 | 68,890 83 | " 1880 | 44,571 00 |
| " 1875 | 79,435 64 | " 1881 | 44,033 00 |
| " 1876 | 70,706 96 | " 1882 | 49,170 00 |
| " 1877 | 57,247 58 | " 1883 | 71,824 00 |

Gatch, Connor & Weaver, for plaintiff.
S. M. Marsh and O. J. Taylor, for defendant.

SHIRAS, District Judge (after stating the facts). On behalf of the defendant, it is pleaded that the bonds upon which this suit is based are void, in that the constitution of the state of Iowa (section 3, art. 11) provides that "no county, or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation,—to be ascertained by the last state and county tax lists, previous to the incurring of such indebtedness," and that the constitutional limit had been exceeded when the bonds in suit were issued, and therefore the defendant district had no power to issue the bonds in question. On behalf of the plaintiff, it is claimed that chapter 132 of the Acts of the 18th General Assembly of the State of Iowa clothed school districts with full power to issue refunding bonds; that the bonds contain recitals showing that they were issued in pursuance of and in accordance with the provisions of that act, and that the plaintiff, having paid value for the bonds, relying upon the recitals therein contained, is entitled to estop the defendant from showing that the constitutional limitation had been exceeded.

The material questions arising in this case were before me in Cummins v. District of Doon, 42 Fed. 644, and I therein held that bonds issued for refunding purposes under the provisions of chapter

132, Acts 18th Gen. Assem. Iowa, differed from bonds issued for purposes other than to refund outstanding obligations; that the burden of showing that the refunding bonds were invalid was on the defendant, and that this required the defendant to show that the pre-existing indebtedness which it was proposed to refund was itself invalid, and not enforceable; and that, in the case of refunding bonds sold for cash, the purchaser, having paid his money to the proper officers of the district, was not bound to see to the proper application of the money after it had passed from his control, as he had a right to assume that the officers of the district would properly perform their official duties. This case was carried to the supreme court by writ of error, and the judgment was reversed. See Doon Tp. v. Cummins, 142 U. S. 366, 12 Sup. Ct. 220. The ruling of the supreme court in that case is decisive of the one now before the court. In this case, as in that, the amount of bonds purchased by the plaintiff, to wit, $7,500, was in excess of the constitutional limitation, and of this fact the plaintiff was bound to take notice, because, as is held by the supreme court in Doon Tp. v. Cummins, he was bound to take notice of the constitutional provision, and also of the amount of the taxable property of the district, as shown by the public tax lists. Under these circumstances, if I correctly interpret the ruling of the supreme court in the Doon Township Case, the plaintiff cannot rely on the recitals in the bonds as an estoppel on the defendant. If it appeared that the bonds bought by the plaintiff were in fact used to retire or refund a pre-existing, enforceable indebtedness of the district, then it might be true that they would be valid, even though they exceeded the limitation. From the evidence it appears that they were issued to C. W. Rollins in exchange for other bonds held by him, but it does not appear that the latter bonds were valid in his hands, but, on the contrary, it appears that they were part of a fraudulent series known as the "Martin Bonds," the nature of which may be readily seen from the fact that Rollins held $72,000 of them,—an amount in excess of the entire taxable property of the district. Under these circumstances, judgment must be in favor of the defendant, and it is so ordered.